AO 257 (Rev. 6/78)

# DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

**BY:** ☐ COMPLAINT  ☒ INFORMATION  ☐ INDICTMENT  ☐ SUPERSEDING

**OFFENSE CHARGED**

18 U.S.C. § 1343 (Wire Fraud) (Count One)
18 U.S.C. § 2320(a)(1) (Trafficking in Counterfeit Goods) (Count Two)
Forfeiture Allegation

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

**PENALTY:** Count One: 20 years' imprisonment; fine of $250,000; three years' supervised release; $100 special assessment; forfeiture; restitution.

Count Two: 10 years' imprisonment; fine of $2,000,000; three years' supervised release; $100 special assessment; forfeiture; restitution.

**Name of District Court, and/or Judge/Magistrate Location**
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

**DEFENDANT - U.S**
▶ STEVE H. S. KIM

**DISTRICT COURT NUMBER**
4:24-cr-00103-HSG

**FILED**
Feb 20 2024
Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

## PROCEEDING

Name of Complainant Agency, or Person (& Title, if any)
DCIS

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
  ☐ U.S. ATTORNEY  ☐ DEFENSE

SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

MAGISTRATE CASE NO.

Name and Office of Person Furnishing Information on this form: ISMAIL J. RAMSEY
☒ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned): Katherine Lloyd-Lovett

## DEFENDANT

**IS NOT IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☒ If not detained give date any prior summons was served on above charges ▶
2) ☐ Is a Fugitive
3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge
5) ☐ On another conviction    ☐ Federal  ☐ State
6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer been filed?  ☐ Yes  ☐ No
If "Yes" give date filed

**DATE OF ARREST** ▶ Month/Day/Year

Or... if Arresting Agency & Warrant were not
**DATE TRANSFERRED TO U.S. CUSTODY** ▶ Month/Day/Year

☐ This report amends AO 257 previously submitted

## ADDITIONAL INFORMATION OR COMMENTS

**PROCESS:**
☐ SUMMONS  ☒ NO PROCESS*  ☐ WARRANT   Bail Amount:

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance

Defendant Address:

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:     Before Judge:

Comments:

ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

FILED

Feb 20 2024

Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>STEVE H. S. KIM,<br><br>Defendant. | Case No. 4:24-cr-00103-HSG<br><br>VIOLATIONS:<br>18 U.S.C. § 1343: Wire Fraud;<br>18 U.S.C. § 2320(a)(1): Trafficking in Counterfeit Goods;<br>18 U.S.C. §§ 981(a)(1)(C) and 2323(b), and 28 U.S.C. § 2461(c): Criminal Forfeiture<br><br>OAKLAND VENUE |

# I N F O R M A T I O N

The United States Attorney charges:

At all times relevant to this Information, unless otherwise indicated:

## BACKGROUND

1. Defendant STEVE H. S. KIM ("KIM") was an individual who resided in the Northern District of California.

2. KIM controlled several business entities, including Company A.

3. Company A was a registered California corporation headquartered in a city in Alameda County, California, that sold cooling fans and blowers to civilian and military customers including the United States Department of Defense's ("DOD") Defense Logistics

INFORMATION

Agency ("DLA").  KIM controlled Company A and, as Company A's operating manager, made all of its business decisions.

4. The DLA operated within the DOD and managed the end-to-end global defense supply chain—from raw materials to end-user disposition—for the five military services, eleven combatant commands, other federal, state, and local agencies, and partner and allied nations. The DLA used requests for quotations to purchase certain items.  Under the DLA's Master Solicitation Agreement, all entities selling products to the DLA were required to retain supply chain traceability documentation.  Tracing documents were critical to ensuring that the military obtained genuine and not counterfeit parts.  Counterfeit parts could result in the failure of critical military systems.

5. Company A claimed that many of the items it sold to the DLA were manufactured by and acquired directly from Company B.  Company B manufactured electronic instruments and devices with civilian and military applications, including electric fans.

6. Company B registered trademarks on the principal register of the United States Patent and Trademark Office ("USPTO"), which were registered for use, and in use, as described below:

| Mark | Type | USPTO Registration Number | Designated Goods and Services |
|---|---|---|---|
| Trademark A | Word | 3,575,513 | For electric motors for machines; electric fans; power-operated blowers for moving air, liquids, or solids; centrifugal pumps for moving air, liquids, or solids |
| Trademark B | Word | 2,278,623 | For electric motor-driven fans of the tubeaxial type utilizing an inverted motor construction |

INFORMATION                                                 2

7. Each of the trademarks listed in the table above were in use at all times relevant to this Information.

8. A counterfeit mark is a spurious mark—(i) that was used in connection with trafficking in goods; (ii) that was identical with, or substantially indistinguishable from, a mark registered on the principal register in the USPTO and in use, whether or not the defendant knew such mark was so registered; (iii) that was applied to and used in connection with the goods for which the mark was registered; and (iv) the use of which was likely to cause confusion, to cause mistake, and to deceive.

## THE SCHEME AND ARTIFICE TO DEFRAUD

9. From in and around 2016 through in and around May 2023, KIM engaged in a scheme to defraud the DLA by selling fan assemblies to the DLA that were either counterfeit or that he misrepresented were new fan assemblies when in fact they were used or surplus fan assemblies.

10. As part of the scheme, KIM sold counterfeit fan assemblies, including fan assemblies purportedly from Company B, to the DLA. KIM created his counterfeit fan assemblies by taking parts from different fan assemblies and putting them together, and by taking one company's fan assembly and claiming it was another company's fan assembly. To further his scheme to defraud, KIM used a label maker to create counterfeit labels that he affixed to fan assemblies that he sold to the DLA. Some of these counterfeit labels used Company B's registered trademarks, including Trademark A and Trademark B.

11. Counterfeit fan assemblies that KIM and Company A sold to the DLA were installed or intended to be installed in, among other places, a nuclear submarine, a laser system on an aircraft, and a surface-to-air missile system. The failure of one or more of the counterfeit fan assemblies KIM sold for use in military systems was likely to cause impairment of combat operations.

12. Also as part of the scheme, KIM knowingly and intentionally sold to the DLA used and surplus fan assemblies that he claimed were not used or surplus. KIM bought used and surplus fan assemblies in bulk at a discount. He replaced the old labels on the used and surplus

INFORMATION                               3

fan assemblies with new labels he created with his label maker. KIM then sold these used and surplus fan assemblies to the DLA for considerably more than he paid for them. The DLA required KIM to disclose whether the fan assemblies he was selling were used or surplus. He falsely claimed they were not.

13. When the DLA asked KIM questions about the origins of the fan assemblies he sold to the DLA, KIM concealed his fraud by giving the DLA fake tracing documents. KIM created these fabricated tracing documents, often signing them using a false identity.

14. KIM fraudulently sold over $3.5 million in counterfeit and used and surplus fan assemblies to the DLA. KIM did so within the scope of his employment of Company A and in order to benefit himself and Company A.

COUNT ONE: (18 U.S.C. § 1343 – Wire Fraud)

15. Paragraphs 1 through 14 of this Information are realleged and incorporated by reference as though fully set forth herein.

16. From at least in and around 2016 through at least in and around May 2023, in the Northern District of California, and elsewhere, the defendant,

STEVE H. S. KIM,

did knowingly, and with the intent to defraud, having devised and intending to devise a scheme and artifice to defraud as to a material matter, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing such pretenses, representations, and promises were false and fraudulent when made, transmit and cause to be transmitted, by means of wire communications in interstate commerce, writings, signals, pictures, and sounds, for the purpose of executing such scheme and artifice.

### Purposes of the Scheme

17. The purposes of the scheme and artifice to defraud were for KIM to enrich himself and Company A, and to conceal the fraudulent activity of KIM and Company A in order to induce payments from the DLA and to maintain Company A's ability to continue making fraudulent sales to the DLA.

INFORMATION     4

Manner and Means

18. Paragraphs 9 through 14 of this Information are realleged and incorporated by reference as a description of the manner and means of the scheme and artifice.

Use of the Wires

19. On or about April 21, 2023, KIM, in the Northern District of California and elsewhere, for the purpose of executing the aforesaid scheme and artifice to defraud, and attempting to do so, did knowingly transmit and cause to be transmitted, by means of wire, radio, and television communication, writings, signals, pictures, and sounds in interstate and foreign commerce for the purpose of executing such scheme and artifice, specifically, an email attaching fraudulent tracing documents sent to a DLA employee in Pennsylvania.

All in violation of Title 18, United States Code, Section 1343.

COUNT TWO: (18 U.S.C. § 2320(a)(1) – Trafficking in Counterfeit Goods)

20. Paragraphs 1 through 14 of this Information are realleged and incorporated as if fully set forth herein.

21. On or about October 13, 2020, in the Northern District of California, and elsewhere, the defendant,

STEVE H. S. KIM,

did intentionally traffic and attempt to traffic in goods, specifically five Company B tubeaxial fans, knowingly using a counterfeit mark, namely Trademark A, on and in connection with such goods.

All in violation of Title 18, United States Code, Section 2320(a)(1).

FORFEITURE ALLEGATION:  (18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and 18 U.S.C. § 2323(b)– Criminal Forfeiture)

22. The allegations of this Information are realleged and incorporated as if fully set forth herein.

23. Upon conviction of the offense alleged in Count One of this Information, the defendant,

INFORMATION                                     5

STEVE H. S. KIM,

shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any property, real or personal, that constitutes or is derived, directly or indirectly, from proceeds traceable to the count of conviction.

24. Upon conviction of the offense alleged in Count Two of this Information, the defendant,

STEVE H. S. KIM,

shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 2323(b), any article, the making or trafficking of which is prohibited under Title 18, United States Code, Section 2320; any property used, or intended to be used, in any manner or part to commit or facilitate the commission of an offense under Title 18, United States Code, Section 2320; and any property constituting or derived from any proceeds obtained directly or indirectly as a result of such violation.

25. If any of the property described in paragraphs 23 and 24 as a result of any act or omission of the defendant:

    a. cannot be located upon exercise of due diligence;
    b. has been transferred or sold to, or deposited with, a third party;
    c. has been placed beyond the jurisdiction of the court;
    d. has been substantially diminished in value; or
    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

//
//
//

INFORMATION    6

All pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Section 2323(b), Title 28, United States Code, Section 2461(c), and Federal Rule of Criminal Procedure 32.2.

DATED: February 20, 2024

ISMAIL J. RAMSEY
United States Attorney

*(signature)*

KATHERINE M. LLOYD-LOVETT
Assistant United States Attorney

GLENN S. LEON
Chief, Fraud Section
Criminal Division
U.S. Department of Justice

/s/ Kyle C. Hankey

KYLE C. HANKEY
Assistant Chief, Fraud Section
U.S. Department of Justice

LOUIS MANZO
DAVID D. HAMSTRA
Trial Attorneys, Fraud Section
U.S. Department of Justice

INFORMATION                    7